[No. 4086.]

### HOWARD V. MITCHELL.

1. EXECUTION—*Against the Body.* Under Rev. Stat., secs. 3024, 3025, no execution can go against the body unless, (1) the jury by their verdict declare that the defendant was guilty of fraud or wilful deceit, nor (2) unless the court has entered upon its docket the term for which the defendant may be committed. (50.)

2. DECEIT—*False Representations Made at the Instance of Another*, and without knowledge of the facts on the part of the one making them, do not estop him to assert their falsity, as against the person at whose instance the representations are made. (51.)

3. APPEAL AND ERROR—*Harmless Error—Action for Deceit.* The court charged that if the jury should find for the plaintiff they should also state in their verdict that defendant was guilty of fraud and wilful deceit. There was no entry upon the docket of the court of the term for which the defendant might be committed, and no order of commitment. *Held* that the error in the instruction was harmless. (Laws 1911, c. 6, sec. 20.) (50, 51.)

4. —— *Abstract.* Where the abstract sets forth only the single instruction complained of it will be presumed that the others given properly stated the law. (49.)

*Error to Denver District Court.* HON. JOHN H. DENISON, Judge.

MR. CARL H. COCHRAN, for plaintiff in error.

MR. WM. H. TEBBETTS and MR. HERBERT M. MUNROE, for defendant in error.

HURLBUT, J., rendered the opinion of the court.

Complaint filed January 23, 1909. The action is in the nature of one for damages, on account of fraud and deceit, based upon alleged false representations made by plaintiff in error (defendant below), which induced plaintiff Mitchell to exchange certain lots, with improvements, and a stock of merchandise, owned by him, in the town of Golden, for agricultural land owned by defendant in Delta county, Colorado.

The complaint alleges in substance that on or about December 16, 1907, plaintiff and defendant entered into a contract whereby plaintiff purchased from defendant about 37½ acres of agricultural land situate in Delta county, Colorado, and paid for the same in money and property in accordance with the contract; that defendant represented to plaintiff that the property (herein called the ranch) con-

tained 37½ acres of good tillable land, which was enclosed with a good wire fence; that the same was rented (1907) for $500 per year; that at the time of the exchange there were planted on the ranch ten acres of sugar beets, five acres of potatoes, one acre of alfalfa, one acre of garden truck, and one acre of orchard, the balance being grass land; and that the value of the ranch and improvements was $6,000; that each and all of said representations and statements were false, and fraudulently made by defendant for the purpose of inducing plaintiff to exchange his said property in Golden for defendant's ranch; that such allegations were known by defendant to be false at the time he made them, and were made by him with the intent and purpose of cheating, defrauding and deceiving plaintiff; that, instead of the ranch renting for $500 per year, it was never at any time rented for a sum exceeding $200 per year, and never had a rental value in excess of that amount; that the actual market value of said land, instead of being $6,000, did not exceed the sum of $2,000; and that, instead of the 37½ acres, constituting the ranch as represented, being of a deep sandy loam, only about 13 acres possessed that character. It is further alleged in the complaint that defendant, at the time he made such representations to plaintiff, also represented to the latter that he had personal knowledge of the character, quality and condition of the land constituting the ranch, and made such representations upon his own personal knowledge; and that plaintiff had no personal knowledge of the character, quality and condition of the land constituting the ranch, and believed and relied upon the said representations of defendant, and was induced thereby to make the exchange aforesaid. The complaint closes with a prayer for $4,000 actual damages, $2,000 exemplary damages, and for a body judgment.

An answer and cross-complaint was filed by defendant, putting in issue all the material allegations of the complaint; pleading by way of defense certain alleged false

and fraudulent statements and representations claimed to have been made by plaintiff to defendant at the time and prior to the exchange, concerning the amount of incumbrance upon the property, and the quality, amount and value of the stock of merchandise; and praying for judgment against plaintiff in the sum of $1,429 actual damages, $1,000 exemplary damages, and for a body judgment. The allegations of the answer and cross-complaint were put in issue by a replication duly filed by plaintiff.

The case was tried to a jury, and a large amount of testimony taken, which was conflicting upon all material issues of fact. The jury returned the following verdict in favor of plaintiff:

"We, the Jury, find the issues herein joined for the plaintiff and assess his damages at the sum of Twelve Hundred and Fifty Dollars and no cents. And we further find that said defendant was guilty of fraud and wilful deceit.
$1250.00                          Frank Crowfoot,
                                                    Foreman."

After overruling a motion for new trial, judgment upon the verdict was rendered in favor of plaintiff for the sum of $1250. Defendant appealed, and the case is here for review.

While the transcript in this case contains something over three hundred pages, the abstract of record consists of only four pages. It does not contain copies of any pleadings, orders of court, the judgment or instructions, save instruction number four; nor does it contain any evidence or testimony. It is an abstract in name only. Plaintiff in error filed a four page brief, in which he urges but two objections to the validity of the judgment below, viz.:

1. The giving of instruction number four, which reads as follows:

"If you find the issues herein joined upon the complaint for the plaintiff, you will also state in your verdict that

in doing the wrong herein complained of the defendant was guilty of fraud and wilful deceit."

2.   It is claimed that about the time of the exchange plaintiff signed a written application for a loan upon the ranch deeded to him by defendant, in which he made the same statements, concerning the amount and kind of crops planted, number of tillable acres of land, value of the ranch, and amount of annual rent it was yielding, that he charges defendant with having made to him before and at the time of the exchange; therefore, it is contended plaintiff is estopped from relying upon the representations alleged to have been made by defendant, as a basis for plaintiff's recovery against him in this action.

As to the first objection, predicated upon the giving of instruction number four, it is clear that the general verdict returned by the jury for the sum of $1250, in favor of plaintiff, cannot be affected by the recital found therein to the effect that defendant was guilty of fraud and wilful deceit.   The gravamen of the action was whether or not either party to the action had made false and fraudulent representations to the other, to their damage, concerning the property which was the subject of sale or exchange between them.   Such representations were issuable facts in the case, and the jury was charged with the duty of determining and deciding such issues, under proper instructions of the court.   As the instruction under consideration is the only one appearing in the abstract, it will be presumed all others given by the court properly stated the law. Only one purpose or object could be accomplished by the recital referred to in the verdict, and that would be to furnish the necessary basis for a body judgment and execution against defendant, the effect of such judgment presumably being to coerce defendant, by imprisonment, into paying the damages assessed by the jury against him.   The judgment founded upon the damages assessed by the verdict could be enforced and collected from defendant by an ordinary exe-

cution against his property, irrespective of a body judgment and execution. A body judgment and execution are only permissible in actions of this character by force of the special statute warranting the same, namely, secs. 3024, 3025, Revised Statutes 1908. The former section provides in substance that if in actions of tort (as in the instant case), the jury find the issues in favor of plaintiff, and further find and recite in their verdict that in the commission of the tort defendant was guilty of malice, fraud or wilful deceit, plaintiff will be entitled to an execution against the body of defendant as provided in the section following 3025. This latter section provides that if the jury find as provided in the former section, "it shall be the duty of the court * * * to enter upon its * * * docket, in the discretion of the court, according to the aggravation of the circumstances as proved at the trial, the term for which a defendant or defendants may be committed to jail on a writ of execution against the body in such case. Such term not to exceed one year in any case," etc.

It would appear from the statute cited that two things must be done before an execution against the body of defendant, in a case of this kind, would be of any force or validity: First, the jury must find, and state in their verdict, that defendant, in committing the tort, was guilty of malice, fraud or wilful deceit; second, if such findings and verdict are made and returned by the jury, the court must enter upon its docket the term for which the defendant may be committed to jail on an execution against his body. We have examined the transcript of record, and it nowhere appears therein that the court entered on its docket, at any time, the term for which defendant in this case might be committed to jail. And we fail to find therein any order or judgment of commitment of defendant to jail. Therefore defendant is in no danger of imprisonment, as it is too late now for such order or judgment.

Under the record showing above referred to we are unable to discover wherein defendant has been prejudiced by the giving of the instruction under consideration. If, under the circumstances of this case as shown by the record, it was error for the court to give the same, it was error without prejudice, and should be disregarded. This conclusion finds support in sec. 20, page 17, Session Laws 1911, which reads in part as follows:

"It (the supreme court) shall disregard any error or defect in the proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

As to the second objection, relative to plaintiff's application for a loan upon the ranch, we do not think the contention of plaintiff in error is tenable, for the reason that the record discloses that all the representations made in said application were written therein by defendant himself, and that the application was presented by him to plaintiff Mitchell, accompanied by his request to sign the same. Plaintiff objected to signing the application, giving as reasons that he had never seen the ranch and did not know whether the statements made in the application, concerning the ranch, its crops, value, etc., were true or not. In answer to such objections, defendant assured him that such statements were true, and that it would be all right for him to sign it, and urgently importuned him to sign the same, which plaintiff did, upon faith of defendant's assurances. From this it clearly appears that plaintiff, in making the representations in the application, did not do so of his own knowledge, but, on the contrary, subscribed to the same solely upon the statements and assurances of defendant himself as to their accuracy, and upon defendant's urgent importunity to affix his signature thereto. This being true, it is evident that, as between plaintiff and defendant, defendant is in no position to successfully contend that plaintiff is estopped from supporting his cause of action by prov-

ing (if he can) that defendant made the representations alleged in the complaint, falsely and fraudulently, with knowledge of their falsity, for the purpose of deceiving and cheating the plaintiff, to his damage.

Being unable to discover any reversible error in the proceedings below, the judgment will be affirmed.

*Judgment affirmed.*